**Kenneth W. NATALE, Petitioner,**

v.

**UNITED STATES of America, United States Board of Parole, Respondents.**

**No. Civ–6707.**

United States District Court
D. Arizona.

July 17, 1968.

Kenneth W. Natale, pro se.

Edward Davis, U. S. Atty., and Morton Sitver, Asst. U. S. Atty., Phoenix, Ariz., for the United States.

OPINION and ORDER

CRAIG, District Judge.

Petitioner has filed this motion to vacate judgment, pursuant to 28 U.S.C. § 2255. In a supplemental motion petitioner, who was about to be released from custody, requests that the United States Board of Parole be added as respondent. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). It is so ordered.

This petitioner was sentenced in April 1962 for a period of ten years on a plea of guilty to a violation of 18 U.S.C. § 1201(a) (Federal Kidnapping Act) which provides:

> "Whoever knowingly transports in interstate * * * commerce, any person who has been unlawfully * * * kidnaped * * * and held for ransom * * * or otherwise * * * shall be punished (1) by death if the kidnaped person has not been liberated unharmed, and if the verdict of the jury shall so recommend, or (2) by imprisonment for any term of years or for life, if the death penalty is not imposed."

At arraignment in this cause, C–16205 Phx., petitioner waived indictment by a Grand Jury and elected to proceed on an information filed by the U. S. Attorney. Vacation of sentence is now sought because in any capital case proceeding must be by indictment. Waiver of presentment to a Grand Jury is not permissable. Smith v. United States, 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed.2d 1041 (1959); Amendment V, United States Constitution; Rule 7(a), Federal Rules of Criminal Procedure.

Were *Smith* the only Supreme Court case touching this matter, it is probable that this conviction would have to be set aside. However, on April 8, 1968 that Court decided United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), which eliminated the death penalty provision of the Federal Kidnapping Act as tending to deny the accused his Fifth Amendment right not to plead guilty and the Sixth Amendment right to trial by jury. In *Jackson* the Supreme Court upheld the validity of the Act after the removal of the death penalty provision. At least from the date of the decision in *Jackson*, the rule of the *Smith* case is no longer applicable to any prosecution under § 1201(a), as no possibility of capital punishment is involved.

■■ In *Jackson* the Supreme Court does not discuss the question of its retroactive application. Customarily decisions of the judicial branch are given retroactive effect and the legal principles announced by the courts are considered to be the rules that governed transactions and events prior to the date of decision. City of Chicago v. Federal Power Commission, 385 F.2d 629 (D.C.Cir., 1967); Cf. Chavez v. Dickson, 280 F.2d 727 (9th Cir., 1960). Of course, courts can give prospective effect only to decisions. See, Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); and Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). These cases, however, are ones where great disruption of the orderly workings of the judicial process would result from retroactive application. See, Castro v. United States, 396 F.2d 345 (9th Cir., 1968) (decided May 28, 1968, No. 21,-694). *Jackson* is not such a case. The number of persons currently in custody for violations of 18 U.S.C. § 1201(a) must be relatively few, especially when compared with the magnitude of the question involved.

Therefore, it is the conclusion of this Court that *Jackson* is to be applied retroactively. Under this interpretation the death penalty provisions of § 1201(a) have been unconstitutional since the time of first enactment in 1934, and not just since April 8, 1968.

■ This being so, when petitioner was arraigned and sentenced in April 1962, under no circumstance was this a case involving a capital offense where the proceedings must be by indictment rather than information. Smith v. United States, supra, is not applicable to this situation.

Petitioner was represented throughout by counsel; he voluntarily entered a plea of guilty. No prejudice resulted from the filing of an information rather than an indictment.

It is ordered that the motion is denied.