Gilbert Elsworth **PINDELL**
v.
**UNITED STATES of America.**
Civ. No. 12922.

United States District Court
D. Connecticut.
Feb. 12, 1969.

3. From the concluding paragraph of the majority opinion in Parr, 363 U.S. at 393, 80 S.Ct. 1171.

Gilbert Elsworth Pindell, in pro. per.

Jon O. Newman, U. S. Atty. and Paul S. Sherbacow, Asst. U. S. Atty., Hartford, Conn., for defendant.

## MEMORANDUM OF DECISION ON MOTION TO VACATE SENTENCE

BLUMENFELD, District Judge.

Gilbert Elsworth Pindell petitions under 28 U.S.C. § 2255 for vacation of his sentence on the ground that it was imposed in violation of the United States Constitution. Respondent United States of America moves to dismiss on the ground that the motion fails to state a claim upon which relief can be granted.

Petitioner alleges that he was indicted on February 25, 1959, in the District of Delaware, charged with kidnapping and transporting interstate a certain person who had not been liberated unharmed, in violation of 18 U.S.C. § 1201(a). Shortly thereafter, on March 20, 1959, he was sentenced pursuant to a Connecticut state-court conviction for armed robbery. Shortly after commencing service of the 12-to-20 year sentence, petitioner requested that the kidnapping indictment be transferred to Connecticut for the purpose of pleading guilty, under Fed.R.Crim.P. 20. Upon his guilty plea, petitioner was sentenced to 21 years' imprisonment, to commence at the expiration of the state-court sentence. On March 20, 1967, he was released from state custody on parole, and is presently serving his federal sentence in Atlanta.

Petitioner alleges that his guilty plea was coerced, and, therefore, his conviction thereon was in violation of due process under Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126 (1956). The only basis for this claim is his allegation that he pleaded guilty solely because under the kidnapping statute he could be sentenced to death only if found guilty by a jury; he decided that it was better to plead guilty than to run the risk of a death sentence, and in that sense his plea was "coerced."

Petitioner relies on the Supreme Court's decision in United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968). In that case the Court invalidated the death-penalty clause of the kidnapping statute because it had the effect of encouraging an alleged kidnapper to elect trial by judge and forgo his right to trial by jury. The language used by the Court in Jackson makes it clear that the death-penalty clause has the forbidden effect whether the defendant pleads guilty or pleads not guilty and requests trial by judge. The Court said:

> "The inevitable effect of any such provision, is of course, to discourage assertion of the Fifth Amendment right not to plead guilty and to deter exercise of the Sixth Amendment right to demand a jury trial." Id. at 581, 88 S.Ct. at 1216.

Therefore, he argues, the rationale of Jackson applies to petitioner's claim.

The crucial issue is whether Jackson is to be given retroactive application. The Court gave clear indication that its decision would not be retroactive, for it was careful to point out that the death-penalty clause did not automatically result in coercion. In rejecting the Government's argument that the death-penalty clause could stand because its evil could be avoided by the power of the trial judge to reject coerced pleas, the Court said:

> "For the evil in the federal statute is not that it necessarily coerces guilty pleas and jury waivers but simply that it needlessly encourages them. A procedure need not be inherently coercive in order that it be held to impose an impermissible burden upon the assertion of a constitutional right. Thus the fact that the Federal Kidnaping Act tends to discourage defendants from insisting upon their in-

nocence and demanding trial by jury hardly implies that every defendant who enters a guilty plea to a charge under the Act does so involuntarily." *Id.* at 583, 88 S.Ct. at 1217.

Giving even stronger indication of a nonretroactive application of the decision was the Court's footnote following this quote:

"So, too, in Griffin v. California, 380 U.S. 609 [85 S.Ct. 1229, 14 L.Ed.2d 106], the Court held that comment on a defendant's failure to testify imposes an impermissible penalty on the exercise of the right to remain silent at trial. Yet it obviously does not follow that every defendant who ever testified at a pre-*Griffin* trial in a State where the prosecution could have commented upon his failure to do so is entitled to automatic release upon the theory that his testimony must be regarded as compelled." *Id.* at 583 n. 25, 88 S.Ct. at 1217.

■ As applied to the case at hand, the effect of the possible death penalty is simply a factor that can be considered in evaluating his claim that his plea was coerced;[1] that judgment was entered on his guilty plea does not automatically require vacation of his sentence.

The cases dealing with this issue have so held. McFarland v. United States, 284 F.Supp. 969 (D.Md.1968), involved a § 2255 motion brought by a petitioner sentenced after pleading guilty to a violation of 18 U.S.C. § 2113(e), the section

of the Federal Bank Robbery Act containing a similar death-penalty clause. The court treated that clause as invalid under the rationale of *Jackson,*[2] and went on:

"However * * * the *Jackson* case should not be applied indiscriminately to strike out every judgment heretofore entered in a case where a defendant has entered a guilty plea; the totality of the circumstances in each case should be considered to determine whether there was any denial of due process in the light of the development of the law." *Id.* at 977.

*See also* United States ex rel. Buttcher v. Yeager, 288 F.Supp. 906 (D.N.J. 1968).

The petitioner alleges no other grounds for holding his plea involuntary. He asserts that as a matter of law, the potential death penalty *alone* is ground for a finding of coercion. This argument cannot be accepted, however, for doing so would amount to applying *Jackson* retroactively. Absent any other factors, a finding of coercion cannot be made.[3]

■ The petition is, therefore, dismissed.[4] Since normal principles of res judicata do not apply in postconviction proceedings, *e. g.*, Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L. Ed.2d 148 (1963); Gomez v. United States, 396 F.2d 323 (9th Cir. 1968), this dismissal is without prejudice to the bringing of a subsequent petition.

1. This parallels the holding of Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), that although the *Miranda* rules would not be applied retroactively, failure to give the *Miranda* warnings in an earlier case would be a factor to be considered in determining the voluntariness of a confession.

2. The Supreme Court has done so subsequently. *See* Pope v. United States, 392 U.S. 651, 88 S.Ct. 2145, 20 L.Ed.2d 1317 (1968).

3. Petitioner's claim is undercut by the fact that he did not have to plead guilty to avoid a possible death penalty. He could have elected trial by judge. Instead, he took positive steps to plead guilty by invoking Rule 20, Fed.R.Crim.P.

4. Since the facts alleged do not entitle petitioner to relief, an evidentiary hearing is not necessary. *See, e. g.*, United States v. Berry, 309 F.2d 311 (7th Cir. 1962), cert. denied, 372 U.S. 970, 83 S. Ct. 1096, 10 L.Ed.2d 132 (1963).