Alan Eugene REED, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 24626.

United States Court of Appeals, Ninth Circuit.

Sept. 18, 1970.

Alan Eugene Reed, in pro. per.

Richard K. Burke, U. S. Atty., Lawrence Turoff, Ass't. U. S. Atty., Phoenix, Ariz., for appellee.

Before KOELSCH and DUNIWAY, Circuit Judges, and CRARY,[*] District Judge.

DUNIWAY, Circuit Judge:

Reed was found guilty under three counts charging interstate transportation of a kidnapped person in violation of 18 U.S.C. § 1201. The facts of the case are reported in Reed v. United States, 9 Cir., 1966, 364 F.2d 630. He was not sentenced to death. The present appeal is from the District Court's denial of a motion to vacate under 28 U.S.C. § 2255. Reed raises a single issue of law: is his conviction invalid because he did not have, at his trial, the benefits of 18 U.S.C. § 3432 and Rule 24(b) F.R.Crim.P.?

Section 3432 provides:

"A person charged with  *  *  * [a] capital offense shall at least three entire days before commencement of trial be furnished with a copy of the indictment and a list of the veniremen, and of the witnesses to be produced on the trial for proving the indictment, stating the place of abode of each venireman and witness."

Rule 24(b) F.R.Crim.P. provides:

"If the offense charged is punishable by death, each side is entitled to 20 peremptory challenges."

In non-capital cases with a penalty exceeding one year in prison the government is entitled to 6 peremptory challenges and the defendant to 10.

The government argues that Reed is not entitled to raise the issue in this section 2255 proceeding because he failed to do so either at trial or on appeal. The District Court was of that opinion, and relied on it as an alternative ground in its decision denying Reed's motion. The reasoning of the Court in Sunal v. Large, 1947, 332 U.S. 174, 178–180, 67 S.Ct. 1588, 91 L.Ed. 1982, supports the government's position. Reed labels the claimed error a deprivation of his constitutional right to due process. But it was merely a failure to afford him procedural rights which are wholly the creation of statute and rule of court. However, Kaufman v. United States, 1969, 394 U.S. 217, 223, 89 S.Ct. 1068, 22 L.Ed.2d 227, rather drastically limits the *Sunal* rationale. See also Judge Friendly's excellent discussion of the problem in United States v. Sobell, 2 Cir., 1963, 314 F.2d 314, 320–325. His rationale would also call for denial of the motion here. As our decision in Amsler v. United States, 9 Cir., 1967, 381 F.2d 37, 44–45, shows, there was no barrier to Reed's presenting his point on appeal, even though he did not raise it at trial. *Amsler* certainly requires that we reject the government's suggestion that the error, if any, was harmless beyond a reasonable doubt.

The practical problems that flow from allowing the point to be raised later, under Section 2255, mentioned by Judge Friendly, are also present here, although not quite so acutely. Reed committed the offense in January 1965 and was tried in July 1965; it is now September

[*] Honorable E. Avery Crary, United States District Court, Central District of California, sitting by designation.

of 1970. Retrying Reed at this time might be difficult indeed.

Nevertheless, because it is by no means clear to us how much of the *Sunal* rationale can be said to survive *Kaufman,* and because in *Amsler* we attached very great importance to the procedural rights involved, we prefer to decide the question on the merits. The *Sunal* rationale, if applicable here, certainly does not deprive us of jurisdiction to do so. See Bowen v. Johnston, 1939, 306 U.S. 19, 27, 59 S.Ct. 442, 83 L.Ed. 455, cited with approval in *Sunal, supra,* 332 U.S. at 180, 67 S.Ct. at 1591–1592:

"* * * the rule which requires resort to appellate procedure for the correction of errors 'is not one defining power but one which relates to the appropriate exercise of power.'"

In Amsler v. United States, *supra,* also a kidnapping case, we held that, in the absence of an allegation in the indictment that the kidnapped person was released unharmed,[1] denial of the above procedural rights was plain error under Rule 52(b), F.R.Crim.P. and required reversal even though the defendant failed to request these rights at trial. Loux v. United States, 9 Cir., 1968, 389 F.2d 911, 914, resembled *Amsler.* But in *Loux,* the government had entered into an agreement on the record, by which it agreed to be bound, that the case was not a capital case and that the government could not offer any evidence that the kidnapped victims had been harmed. We held that under those circumstances the defendants were not entitled to the procedural rights here asserted. Here, however, there was no such agreement. Therefore, all other things being equal, *Amsler* would require reversal.

Other things, however, are no longer equal. Since *Amsler* and *Loux,* the Supreme Court has held in United States v. Jackson, 1968, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138, that the portion of 18 U.S.C. § 1201(a) which provides for the death penalty "if the verdict of the jury shall so recommend" is an unconstitutional burden on the right to trial by jury and thus invalid. If *Jackson* is retro-active then Reed was not charged with a capital offense and was not entitled to the benefits of section 3432 and Rule 24(b). We hold that to that extent *Jackson* is to be considered retro-active.

The Supreme Court has not decided the question. Brady v. United States, 1970, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747, does not discuss the retroactivity of *Jackson.* It upheld an intelligent and voluntary guilty plea, entered on advice of counsel, before *Jackson* was decided, against a claim that the plea was induced by fear of the death penalty provided for in section 1201(a). It is perhaps significant, however, that the Court in *Brady* did not choose to dispose of the problem by holding *Jackson* not retro-active, as it might have done. The rationale of the opinion seems to us to rest upon a tacit assumption that *Jackson* is retro-active. Parker v. North Carolina, 1970, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785, is somewhat similar. The Court assumed that the death penalty provision in the applicable North Carolina statute might be invalid under the *Jackson* rationale, but nevertheless, citing *Brady,* upheld a guilty plea claimed to have been induced, in part, by fear of the death penalty. Again, the issue of retro-activity was not decided, but retro-activity appears to us to have been assumed. Pope v. United States, 1968, 392 U.S. 651, 88 S.Ct. 2145, 20 L.Ed.2d 1317, points in the same

1. 18 U.S.C. § 1201(a) provides that:
"Whoever knowingly transports in interstate or foreign commerce, any person who has been unlawfully seized * * * shall be punished (1) by death if the kidnapped person has not been liberated unharmed, and if the verdict of the jury shall so recommend or (2) by imprisonment for any term of years or for life, if the death penalty is not imposed."
Thus proof that the defendant harmed the kidnapped person makes him liable for the death penalty.

direction. Pope had been sentenced to death under 18 U.S.C. § 2113(e) in 1965, long before the decision in *Jackson.* The Court remanded Pope's case for vacation of sentence and re-sentencing, clearly a retro-active application of *Jackson.*

Among the lower courts there is a split of authority as to whether and to what extent *Jackson* is retro-active; compare Lone v. United States, N.D.Cal., 1969, 299 F.Supp. 855; Pindell v. United States, D.Conn., 1969, 296 F.Supp. 751; United States ex rel. Buttcher v. Yeager, D.C.N.J., 1968, 288 F.Supp. 906; McFarland v. United States, D.Md., 1968, 284 F.Supp. 969 with Natale v. United States, D.Ariz., 1968, 287 F. Supp. 96. No case has refused retro-activity where the actual issue was the death penalty. *Buttcher, Lone, Pindell* and *McFarland* all involved guilty pleas, which foreclosed imposition of the death penalty, as in *Brady. Natale,* involved facts similar to those in this case; the issue there was whether a person charged under 18 U.S.C. § 1201(a) had to be indicted by a grand jury. See Smith v. United States, 1959, 360 U.S. 1, 9, 79 S.Ct. 991, 3 L.Ed.2d 1041, holding a grand jury indictment is required in capital cases. The court in *Natale* held that for purposes of determining whether a charge under 18 U.S.C. § 1201(a) involved a capital offense *Jackson* was fully retro-active.

Although decisions are not automatically retro-active, see *e.g.,* Stovall v. Denno, 1967, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199; Johnson v. New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, we conclude that we should hold that the portion of *Jackson* invalidating the death penalty provision in 18 U.S.C. § 1201(a) is retro-active in a case such as this. Thus it appears that Reed was never faced with a capital charge. Accordingly, he was not entitled to the benefit of the provisions of 18 U.S.C. § 3432 and Rule 24(b) F.R.Crim.P.

Affirmed.