**James Edward HOLLAND, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 20674.

United States Court of Appeals, Sixth Circuit.
March 30, 1971.

(b), pertains only to civil actions and that neither party in a criminal action may proceed under it.

------◆------

James C. Bonner and Mark Gruenwald, Atlanta, Ga., on brief for petitioner-appellant.

William W. Milligan, U. S. Atty., Byron E. Trapp, Asst. U. S. Atty., Cincinnati, Ohio, on brief for respondent-appellee.

Before PHILLIPS, Chief Judge, and PECK and BROOKS, Circuit Judges.

## PER CURIAM.

In 1958, petitioner-appellant was charged by information of having transported a stolen vehicle across state lines in violation of 18 U.S.C. § 2312 and of kidnapping in violation of 18 U.S.C. § 1201(a). He waived his right to be charged by an indictment returned by a grand jury, and pled guilty to both counts of the information. Committed sentences, provided to run consecutively, of five and ten years respectively were imposed. In 1970 petitioner filed a motion to vacate the ten year sentence imposed under Count II of the indictment under the provisions of 28 U.S.C. § 2255. Upon denial of that motion by the District Court, this appeal was perfected.

The first question presented is whether the convicting court had jurisdiction to consider the kidnapping charge. 18 U.S.C. § 1201(a), under which as noted above Count II was filed, provides that one guilty of kidnapping as defined therein "shall be punished (1) by death if the kidnapped person has not been liberated unharmed, and if the verdict of the jury shall so recommend, or (2) by imprisonment for any term of years or for life, if the death penalty is not imposed." The information is silent as to whether or not the victim was "liberated unharmed."

Smith v. United States, 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed.2d 1041 (1959, the year, it will be noted, following appellant's conviction) is directly in point. Therein the Supreme Court reversed a judgment of conviction and remanded the case with instructions to dismiss an information which, for present purposes, was identical to that before us. The Court therein stated the precise question at issue to be whether the alleged violation of the Kidnapping Act had to be prosecuted by indictment, and resolved that issue affirmatively, holding that Rule 7(a), Federal Rules of Criminal Procedure, had application. That Rule provides:

"An offense which *may* be punished by death *shall* be prosecuted by indictment. An offense which may be punished by imprisonment for a term exceeding one year or at hard labor shall be prosecuted by indictment, or if indictment is waived, it may be prosecuted by information. Any other offense may be prosecuted by indictment or by information. An information may be filed without leave of court." (Emphasis supplied.)

After reviewing the rule, the Supreme Court went on to state (360 U.S. 8, 79 S.Ct. 996):

"The Courts of Appeals which have been concerned with the statute have uniformly construed it to create the single offense of transporting a kidnapping victim across state lines. We agree with this construction. Under the statute, that offense is punishable by death if certain proof is introduced at trial. When an accused is charged, as here, with transporting a kidnapping victim across state lines, he is charged and will be tried for an offense which *may* be punished by death. Although the imposition of that penalty will depend on whether sufficient proof of harm is introduced during the trial, that circumstance does not alter the fact that the offense itself is one which *may* be pun-

ished by death and thus must be prosecuted by indictment."

That *Smith* would here require a vacation of the kidnapping conviction if that decision remains uneroded can scarcely be doubted, which brings us to the second question presented by this appeal. It is contended by the appellee that such erosion resulted from the decision in United States v. Jackson, 390 U. S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (decided April 8, 1968). The Supreme Court therein struck the death penalty provision from the Kidnapping Act as unconstitutional, and in the order herein appealed from the District Court observed that *Jackson* "plac[ed] in doubt the vitality of the *Smith* decision, at least after April 8, 1968." In denying relief to the appellant, the District Court relied specifically on Natale v. United States, 287 F.Supp. 96 (D.Ariz. 1968). The District Court therein concluded that *Jackson* "is to be applied retroactively", taking the position that *Jackson* rendered the crime non-capital *ab initio*, that *Smith* was without application, and that jurisdiction therefore properly lay under an information. We accordingly also determine the second question presented on appeal, namely, whether *Jackson* can operate retroactively to cure a jurisdictional defect which by virtue of *Smith* existed in 1958, in favor of the appellant. It is to be noted that this determination is consistent with Robinson v. United States, 144 F. 2d 392 (6th Cir. 1944). We observe that in its brief urging retroactive application of *Jackson* appellee stated that no capital offense "could *legally* have been" charged (emphasis supplied). However, the fact remains that in 1958 appellant, legally or otherwise, faced a capital charge, and had execution resulted the illegality thereof would have provided no more benefit than solace to the deceased.

The judgment of the District Court will be reversed and the cause remanded for proceedings consistent herewith.