**UNITED STATES of America**

v.

**William Douglass CROWELL.**

**No. 66–197–Cr–T.**

United States District Court,
M. D. Florida,
Tampa Division.

May 31, 1973.

**490**

Lucius M. Dyal, Jr., Tampa, Fla., for defendant.

Oscar Blasingame, Asst. U. S. Atty., Tampa, Fla., for plaintiff.

### ORDER

TJOFLAT, District Judge.

This case is before the Court on remand from the Court of Appeals.[1] Defendant was sentenced in February, 1968, upon a conviction for bank robbery. Under Count III of the indictment he was charged with an offense—the taking of a hostage during the commission of a bank robbery—which at the time of his conviction permitted the imposition of a death sentence "if the jury shall so direct."[2] He appealed on the grounds that he had not been granted two procedural benefits required by statute for defendants subjected to the risk of capital punishment: a list of the veniremen three days prior to trial[3] and ten additional peremptory challenges.[4] The Court of Appeals concluded that the trial had been of a capital case but was unable to determine from the record whether defendant had been accorded the procedural benefits. The case was "remanded back to the district court for a hearing to determine if the court afforded Crowell the benefits . . . before and at the time of the trial."[5]

This Court has now held the evidentiary hearing and herein enters its findings of fact and conclusions of law.[6] It is clear from the facts developed at the hearing that defendant was not afforded the procedural benefits in question. It is also clear, however, that the case was not tried as a capital case, nor was defendant faced at trial with the possibility of a death sentence. The Court concludes that under these circumstances defendant was not entitled to the statutory benefits, and, therefore, his conviction should stand.

### FINDINGS OF FACT

1. Defendant was indicted in December, 1966, for bank robbery and seizing a hostage during the commission of the bank robbery.[7] Some time prior to trial, at the request of defendant's court-appointed attorney, the trial judge arranged for a more experienced trial attorney to assist in the defense.

2. The evidence gathered prior to trial made it clear that the hostage had been taken by defendant only a short distance from the bank and released unharmed. Concluding that under such circumstances there was no possibility of obtaining a death sentence, the prosecutor decided well in advance of trial not to pursue the case as a capital one. This decision was communicated informally to the trial judge and the defense attorneys at least a week before trial. Nothing, however, was put on the record to indicate a waiver of the government's right to seek capital punishment or the defendant's right to the procedural benefits of Section 3432.

---

1. United States v. Crowell, 442 F.2d 346 (5th Cir. 1971).

2. 18 U.S.C. § 2113(e):
   "Whoever, in committing any offense defined in this section, or in avoiding . . . apprehension for the commission of such offense, . . . forces any person to accompany him without the consent of such person, shall be punished not less than ten years, or punished by death if the verdict of the jury shall so direct."

3. 18 U.S.C. § 3432.

4. Rule 24(b), Federal Rules of Criminal Procedure.

5. 442 F.2d at 347–348.

6. This case has had a complicated history since it was remanded. The original trial judge recused himself because he might be required to be a witness at the evidentiary hearing. The case was then transferred to the Honorable Joseph P. Lieb. An evidentiary hearing was held before Judge Lieb but he died before rendering his decision. The case was then transferred to the undersigned and a second hearing conducted. The findings entered in this opinion are based on the evidence received at the second hearing.

7. 18 U.S.C. § 2113(a), (b), and (e).

3. The case proceeded to trial and was tried throughout as a non-capital case. The defense did not request the special procedural rights, and no reference was made to them at the trial. All parties and the Court assumed that the case was a non-capital one and gave no thought to capital punishment. The trial lasted two days and resulted in a jury verdict of guilty on all three counts of the indictment.

4. Shortly after the trial the question of payment of fees for the additional defense counsel was brought to the trial judge's attention and he entered an order officially appointing the second attorney so as to permit payment of his fees. The Order recited "that defendant was charged with a capital case and under the provisions of § 3005, Title 18, U.S.C., the appointment of two counsel is authorized." Apparently it was this statement that caused the Court of Appeals to assume the case had been tried as a capital one. However, as indicated by a literal reading of the statement and the trial judge's testimony at the evidentiary hearing held before this Court, the statement was merely a recital that the original indictment had alleged a capital crime and was not a finding that the case had been tried as a capital one.

## CONCLUSIONS OF LAW

*Defendant's Right to the Procedural Benefits*

It is well established that a defendant who is actually tried in a case where the government attempted to obtain a death sentence is entitled to the procedural benefits at issue here.[8] Where, however, all parties tacitly agree that the

case will not be actually tried as a capital one, there are few guidelines.[9] The closest case on point is Amsler v. United States [10] decided by the Court of Appeals for the Ninth Circuit. There the defendant was charged with a capital crime but all parties understood and tacitly agreed that it would not be prosecuted and tried as a capital case. Apparently, however, there was no discussion, either on or off the record, during which the government specifically stated to the Court or defense counsel that no attempt would be made to obtain a capital sentence. The Court of Appeals reversed the conviction, holding that the defendants were entitled to the special procedural benefits in spite of the tacit understanding. About a year later the Ninth Circuit limited the *Amsler* decision by holding in Loux v. United States [11] that, where the government represents to the Court on the record that it would not ask for the death penalty, the defendants under a capital indictment were not entitled to the special benefits of Section 3432. The underlying rationale for both decisions was that the right to the special procedural benefits should turn on the possibility of the imposition of a death sentence, and not on the actual evidence produced at trial.[12] Thus, if there was a possibility that the government would produce evidence which would permit the imposition of the death sentence, the defendant would have an absolute right to the benefits. In *Amsler* the Court felt that the government was free to use newly discovered evidence to obtain a death sentence if it opted to do so; in *Loux*, however, the government had waived its right to do so and thus would be precluded from seeking the death penalty

8. *E. g.*, Logan v. United States, 144 U.S. 263, 303–308, 12 S.Ct. 617, 36 L.Ed. 429 (1892).

9. See Logan v. United States, *id;* Reed v. United States, 432 F.2d 205 (9th Cir. 1970); Hall v. United States, 410 F.2d 653, 660–661 (4th Cir. 1969); Loux v. United States, 389 F.2d 911, 914–915 (9th Cir. 1968); Amsler v. United States, 381 F.2d 37, 44–45 (9th Cir. 1967); Brown v. Johnston, 126 F.2d 727 (9th

Cir. 1942); United States v. Parker, 103 F.2d 857, 861–862 (9th Cir. 1939); Davis v. United States, 316 F.Supp. 913, 917 (E.D.Tenn.1970).

10. 381 F.2d 37, 44–45 (9th Cir. 1967).

11. 389 F.2d 911, 914–915 (5th Cir. 1968).

12. *See also* Logan v. United States, 144 U.S. 263, 303–308, 12 S.Ct. 617, 36 L.Ed. 429 (1892); Hall v. United States, 410 F.2d 653, 660–661 (4th Cir. 1969).

regardless of the type of evidence uncovered at trial.

The test, then, as developed in these two cases, should be whether the government has waived its right to obtain a death sentence. In this case, by informing defense counsel and the trial judge that no attempt to obtain a death sentence would be made, the government would have been estopped from prosecuting the case as a capital one, regardless of what the evidence might have developed at trial. There was, in short, no possibility that the defendant would receive capital punishment as a result of the trial. Applying the test from *Amsler* and *Loux*, then, defendant was not entitled to the special procedural benefits and his request for a new trial must be denied.

The purpose of providing the procedural benefits of Section 3432 was to offer added protection to a defendant threatened with capital punishment.[13] There is no reason to assume that Congress intended to go beyond this purpose and provide the benefits even in a case where the prosecution is not seeking the death penalty. If the evidence is so clear that counsel for both sides and the Court agree that the case will be treated as non-capital throughout the trial, no congressional objective is accomplished by according the defendant these benefits.

### Harmless Error

Alternatively, it is this Court's opinion that the decision in Pope v. United States[14] has rendered harmless any error in the trial court's failure to provide the procedural benefits in this case.[15] In that case the Supreme Court declared unconstitutional that portion of the statute which authorized the imposition of the death penalty under the violation charged in the indictment here.[16] The case was decided between the date of defendant's conviction and the taking of his appeal.[17] There is no question, therefore, that if a new trial were held defendant would not be entitled to the procedural benefits of which he now complains. The new trial would proceed under the same governing rules as had the first trial. Therefore there can be no prejudice from the absence of the procedural benefits at the first trial.[18]

### Procedure on Remand

This case was remanded to the district court with the following mandate: "Remanded for Hearing in Accordance With This Opinion."[19] Defendant ar-

---

13. *See* Logan v. United States, 144 U.S. 263, 303–308, 12 S.Ct. 617, 36 L.Ed. 429 (1892); Hall v. United States, 410 F.2d 653, 661 (4th Cir. 1969).

14. 392 U.S. 651, 88 S.Ct. 2145, 20 L.Ed. 2d 1317 (1968).

15. See also Holland v. United States, 439 F.2d 1121 (6th Cir. 1971); Natale v. United States, 287 F.Supp. 96 (D.Ariz. 1968), rev'd on other grounds, 424 F.2d 725 (9th Cir. 1970).

16. Actually *Pope* is merely a short per curiam decision relating that the government conceded that the death penalty provision was unconstitutional under the rationale of United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968). *Jackson* ruled unconstitutional a nearly identical provision in the Federal Kidnapping Act, 18 U.S.C. § 1201(a).

17. Defendant was originally adjudged guilty in January, 1968, *Pope* was de-cided in June, 1968, and the Court of Appeals remand was entered in April, 1971.

18. In Amsler v. United States the court held that "the failure to allow [defendant] the procedural benefits . . . was plain error," thus precluding the application of the harmless error rule. That holding, however, is questionable. There is no discussion of the issue in the opinion. Further, in Loux v. United States, 389 F.2d 911, 915 n. 1 (9th Cir. 1968), decided only seven months later, the same court explained that it had applied the plain error rule only to prevent an unjust result to the one defendant who had not raised the error at trial:

In *Amsler* one defendant, Amsler, appears to have asserted his rights on appeal; the other, Irwin, did not. We applied the plain error rule to Irwin, in order to avoid the unjust result of reversing as to Amsler only.

19. 442 F.2d at 348.

gues that this Court is restricted by the mandate to holding an evidentiary hearing limited to a determination of whether he received the procedural benefits, and that, on the record now developed, we should mechanically order that his judgment be vacated and a new trial conducted.

It is the opinion of the Court, however, that because facts were developed at the evidentiary hearing which were not anticipated by the Court of Appeals decision, this Court on remand has the discretion to expand the hearing to encompass all relevant evidence and then to make findings of fact and conclusions of law.[20] If the defendant disagrees with this procedure or with the Court's conclusions, he may take a new appeal pursuant to Title 28, United States Code Section 1291.

*Law of the Case*

Distinct from the question of the scope of this Court's power under the Court of Appeals mandate is the issue of whether the conclusions of law reached herein vary from the "law of the case" established by the Court of Appeals decision.[21] The Court of Appeals stated: "Section 3432 is mandatory, and a defendant indicted for a capital offense must be given the benefits of its provisions, . . . and the failure to allow defendant its benefits would be plain error."[22] The actual holding, however, was not so broad as the language used in the statement. The statement was based on the assumption that the case had actually been tried as a capital one. In this Court's opinion, therefore, the only issues of law decided by the Court of Appeals were that a defendant is entitled to the procedural benefits if he is tried under circumstances where the government may request the death penalty, and that failure to provide the benefits under such circumstances is plain error. Since the

circumstances have been determined to be otherwise, it is the opinion of this Court that the conclusions of law stated in this opinion are not in conflict with the "law of the case."

For the reasons herein stated, the judgment of this Court entered June 30, 1970 shall remain in full force and effect.

20. *See* Wm. G. Roe & Co. v. Armour & Co., 414 F.2d 862, 864–867 (5th Cir. 1969).

21. *See generally* United States v. Dickinson, 476 F.2d 373 (5th Cir., 1973); Wm. G. Roe & Co. v. Armour & Co., 414 F.2d 862, 865, 867–871 (5th Cir. 1969); White v. Murtha, 377 F.2d 428 (5th Cir. 1967).

22. 442 F.2d at 348.