UNITED STATES of America,
Plaintiff-Appellee,

v.

William Douglas CROWELL, Defendant-
Appellant.

No. 73-2842
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 31, 1974.

William Douglas Crowell, pro se.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Claude H. Tison, Jr., Oscar Blasingame, Asst. U. S. Attys., Tampa, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

This case returns to our Court after a remand for a determination by the District Court as to whether Crowell was afforded the benefits of 18 U.S.C.A. § 3432 and Rule 24(b) which provide that a person charged with a capital offense shall be furnished with a list of the veniremen three days prior to trial and afforded 20 peremptory challenges. The District Court found that Crowell was not afforded the benefits of 18 U.S.C.A. § 3432 or Rule 24(b) but affirmed the conviction on the ground that Crowell was not entitled to the special procedural benefits since a tacit agreement prior to trial rendered it impossible that Crowell would receive capital punishment. United States v. Crowell, S.D. Fla., 1973, 359 F.Supp. 489. While not approving the trial court's failure to abide by the mandatory provisions of the statute, we feel that to remand for a new trial following the extensive hear-

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

ing by the District Court would be an undue exaltation of form, and therefore affirm the decision of the District Court.

Crowell, represented by two court-appointed attorneys, was convicted upon trial by a jury of bank robbery and forcing a cashier of the bank to accompany him in an attempt to avoid apprehension (18 U.S.C.A. § 2113(a), (b) and (e)). He received three concurrent sentences of 20, 10, and 20 years, but on the filing of a § 2255 motion contending that he had been denied his right to a direct appeal, the District Court, on its own motion, resentenced the appellant to serve only one sentence of 20 years. On direct appeal from this sentence, appellant raised his contentions that he was not afforded the procedural benefits of 18 U.S.C.A. § 3432 and Rule 24(b). Since the record did not show whether the appellant had been granted these benefits, the Fifth Circuit remanded for further hearings by the District Court. United States v. Crowell, 5 Cir., 1971, 442 F.2d 346.

It appearing from the record that the district court afforded the appellant two counsel pursuant to the directions of Title 18, U.S.C., § 3005, which requires, if requested, two attorneys in capital cases, and it not appearing from the record that Crowell was afforded the benefits of the provisions of Title 18, U.S.C., § 3432 or Rule 24(b), F.R.Cr.P., the case is remanded back to the district court for a hearing to determine if the court afforded Crowell the benefits of these provisions before and at the time of the trial. Section 3432 is mandatory, and a defendant indicted for a capital offense must be given the benefits of its provisions, Logan v. United States, 144 U.S. 263, 12 S.Ct. 617, 36 L.Ed. 429, and the failure to allow defendant its benefits would be plain error. See

Rule 52(b), F.R.Cr.P.; Amsler v. United States, 9 Cir., 1967, 381 F.2d 37, 442 F.2d at 347–348.

On remand the District Court conducted an extensive hearing and entered findings of fact and conclusions of law affirming the appellant's conviction. The Judge found that the case was not tried as a capital case, nor was the appellant faced with the possibility of a death sentence at trial. While there was no formal mention in the record of an agreement not to seek the death penalty, the Judge concluded from testimony that a tacit agreement had been reached between defense counsel and the prosecution not to seek capital punishment.

We find substantial evidence in the record to support the District Court's conclusion that there was an agreement prior to trial not to seek the death penalty. However, we wish to make clear that we do not approve the trial Judge's failure to comply with the letter of the statute so long as the record did not formally negate the Government's purpose to seek the death sentence. The Ninth Circuit has ruled on this issue twice and most recently held that an on-the-record waiver of the death penalty by the Government was required prior to trial. Loux v. United States, 9 Cir., 1968, 389 F.2d 911. See also Amsler v. United States, 9 Cir., 1967, 381 F.2d 37.

Considering the findings and reasoned opinion of the District Judge, we do not require a remand for a new trial. There was clearly in fact no possibility that the defendant would receive capital punishment as a result of the trial. The District Court's findings add up to the conclusion that though never formally expressed on the record, all knew that capital punishment would not be sought. In these circumstances to remand for a new trial would not serve the best interests of the administration of justice.

Affirmed.